UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LARRY MCNAIR, *pro se*,

                Plaintiff,

          -against-

J.P. MORGAN CHASE BANK; LISA L. STEVENS,

                Defendants.

------------------------------------------------------------ x

**SUMMARY ORDER**
12-cv-03581 (DLI) (VMS)

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Larry McNair ("Plaintiff"), currently incarcerated, filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that defendant J.P. Morgan Chase Bank ("Chase") improperly allowed co-defendant Lisa L. Stevens (collectively with Chase, "Defendants") to cash his social security checks totaling $1,570 in November and December 2011. Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). The court grants Plaintiff's request to proceed IFP solely for the purpose of this Summary Order, however, for the reasons set forth below, the complaint is dismissed.

      In reviewing the complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). A district court must nevertheless dismiss an IFP action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted).

Plaintiff alleges that Defendants violated his constitutional rights when Chase employees allowed Stevens to cash his social security income checks by forging his signature. (Compl. ¶ IV.) Plaintiff asserts that he complained by sending a letter to the New York State Attorney General's Office and, as a result of sending the letter, was found unfit to proceed in his criminal case and put in a psychiatric hospital. (*Id*.) Plaintiff claims that, accordingly, Chase was deliberately indifferent to his mental health needs and violated his constitutional rights. (*Id*.)

Plaintiff's allegations do not state an actionable federal claim. A party can bring a claim alleging a constitutional violation pursuant to Section 1983, which imposes liability for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. However, "Section 1983 addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of West Hartford*, 954 F. 2d 63, 68 (2d Cir. 1992). "A private defendant may be held liable only as a willful participant in joint activity with the State or its agents." *Id.* (quotation marks omitted). Chase is a private corporation and there is no allegation that Stevens was acting under the color of state law when she allegedly forged

Plaintiff's signature and cashed his social security checks or that Chase was acting under the color of state law when it allegedly permitted Stevens to do so.  Indeed, the complaint contains no information about Stevens.  Plaintiff also does not make any allegations that Chase or Stevens conspired with a state actor to deprive him of his rights.  Accordingly, the complaint is dismissed.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000).  However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009).  Here, the complaint gives no indication that Plaintiff has a colorable claim under federal law.  Therefore, any attempt to amend the complaint would be futile.  *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed with prejudice as to both Defendants.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 22, 2012

                                                    _____/s/_____
                                                    DORA L. IRIZARRY
                                              United States District Judge